UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| U.S. SPECIALTY INSURANCE COMPANY,<br><br>                Plaintiff,<br><br>    v.<br><br>BELL PAINTING,<br><br>                Defendant. | Case No. 3:22-cv-03787-WHO<br><br>**ORDER GRANTING MOTION TO STAY**<br><br>Re: Dkt. No. 44 |

Plaintiff U.S. Specialty Insurance Company ("USSIC") filed this case seeking declaratory judgment and recission of its insurance policy covering defendant Bell Painting ("Bell"). Bell has now filed a motion to stay the case pending resolution of an underlying state court case. Because the *Landis* factors favor a stay, and for the following reasons, the motion to stay is granted.

## BACKGROUND

Bell is a sole proprietorship that carries out, in part, painting contractor operations. *See* Operative Complaint ("Compl.") [Dkt. No. 1] ¶¶ 2, 11. Bell holds an insurance policy with plaintiff USSIC. *Id.* ¶ 7.

Bell was sued by a former client in California Superior Court for claims relating to alleged construction defects and unlicensed contractor work (the "Underlying Action"). *Id.* ¶¶ 13-14; *see COM Howard I, LLC v. John William Bell, et al.*, No. CGC-21-591291 (Cal. Super. Ct. filed April 23, 2021). For example, the plaintiff in the Underlying Action seeks to recover compensation paid to Bell as an unlicensed contractor, alleging that Bell had a painting contractor's license but performed work such as weatherproofing, waterproofing, and roofing that required a roofing contractor's license. [Dkt. No. 46-3] Ex. C ¶¶ 76-84.

Bell tendered the defense of the Underlying Action to USSIC on December 9, 2021.

1   Compl. ¶ 17. USSIC investigated the claims and (according to USSIC) determined that Bell made

2   material misstatements on its policy renewal application, including that Bell would not perform

3   any work beyond that of a painting contractor and that Bell would not perform any waterproofing

4   work. *Id.* ¶¶ 17-20. USSIC provided Bell with its written intent to rescind the policy on June 27,

5   2022, along with a check to refund the premium Bell paid for the policy. *Id.*

6         That same day, USSIC filed this lawsuit seeking recission of the policy and/or a

7   declaration that it is "not obligated to provide coverage" to Bell in the Underlying Action. *Id.*

8   ¶¶ 21-33. The bases for USSIC's claims for recission and declaratory relief are that Bell made

9   material and false representations in its application for insurance, that the policy would not have

10  issued but for those misrepresentations, and that the allegations in the Underlying Action are not

11  covered by the policy. *Id.* USSIC informed Bell that if Bell declined to voluntarily rescind the

12  policy, USSIC would appoint defense counsel and defend the Underlying Action under a

13  reservation of rights while simultaneously litigating this instant action in federal court, which it

14  did. *Id.* ¶ 20.

15        Bell filed an answer. [Dkt. No. 18]. Discovery proceeded and concluded. Subsequently,

16  Bell filed this motion to dismiss or stay proceedings.[1] ("Mot.") [Dkt. No. 44]. USSIC opposed.

17  ("Oppo.") [Dkt. No. 46]. Bell replied. ("Repl.") [Dkt. No. 47]. Under Civil Local Rule 7-1(b), I

18  find this matter appropriate for resolution without oral argument and so VACATE the hearing

19  scheduled for August 9, 2023.

## DISCUSSION

### I.  LEGAL STANDARD

The parties debate which legal standard governs whether a stay is appropriate here. They discuss the federal standards under *Landis v. North American Co.*, 299 U.S. 248 (1936), and *Brillhart v. Excess Insurance Co. of America*, 316 U.S. 491 (1942), as well as the California standard under *Montrose Chemical Corp. of California v. Superior Court* ("*Montrose I*"), 6 Cal.

---

[1] Bell entitled its motion a "Motion to Stay or Dismiss" but discusses dismissal only in passing. *See* Mot. 8:16, 10:11-12, 14:15-16. To the extent that Bell might seek dismissal, it makes identical arguments as the ones addressed below for a stay. *See id.* 11:18-19, 15:23, 16:12.

4th 287, 301 (1993), and *Montrose Chemical Corp. of California v. Superior Court* ("*Montrose II*"), 25 Cal. App. 4th 902, 910 (1994).

Following the reasoning of the Honorable Lucy H. Koh in *Zurich American Insurance Co. v. Omnicell, Inc.*, No. 18-CV-05345-LHK, 2019 WL 570760, at *2-5 (N.D. Cal. Feb. 12, 2019), and of the Honorable Haywood S. Gilliam in *National Union Fire Insurance Co. of Pittsburg, PA v. Rudolph & Sletten, Inc.*, No. 20-CV-00810-HSG, 2020 WL 4039370, at *2-3 (N.D. Cal. July 17, 2020), I find that the *Landis* standard applies here. *See also AIU Ins. Co. v. McKesson Corp.*, No. 20-CV-07469-JSC, 2021 WL 3565440, at *1-2 (N.D. Cal. Aug. 12, 2021) (same); *Am. Alt. Ins. Corp. v. Warner*, No. 19-CV-04628-KAW, 2020 WL 7388072, at *2-3 (N.D. Cal. Dec. 16, 2020) (same); *RLI Ins. Co. v. ACE Am. Ins. Co.*, No. 19-CV-04180-LHK, 2020 WL 1322955, at *3 (N.D. Cal. Mar. 20, 2020) (same). This is a diversity case in federal court, so federal procedural law governs whether a stay is appropriate rather than the California state standard articulated in *Montrose I* and *Montrose II*. *Nat'l Union Fire Ins. Co.*, 2020 WL 4039370, at *3; *Zurich Am. Ins. Co.*, 2019 WL 570760, at *4; *see also MS Amlin Corp. Member, Ltd. v. Bottini*, No. 20-CV-687-GPC(LL), 2020 WL 5966612, at *4 (S.D. Cal. Oct. 8, 2020) (declining to decide whether *Landis* or *Montrose* applies "because there is overlap in the elements to satisfy both standards"[2] (citations omitted)). And *Brillhart* does not apply to this case because USSIC asserts a claim for declaratory judgment and another claim for recission, the latter of which is independent of and would be viable without the declaratory claim. *See Scotts Co. LLC v. Seeds, Inc.*, 688 F.3d 1154, 1159 (9th Cir. 2012); *Nat'l Union Fire Ins. Co.*, 2020 WL 4039370, at *2; *Zurich Am. Ins. Co.*, 2019 WL 570760, at *4-5; *United Specialty Ins. Co. v. Meridian Mgmt. Grp., Inc.*, No. 15-CV-01039-HSG, 2016 WL 1534885, at *1 (N.D. Cal. Apr. 15, 2016).[3]

---

[2] In recognition of this overlap, and following the guidance from several of my colleagues, I analyze the *Montrose* considerations under the second *Landis* factor concerning prejudice. *Infra* Part II; *see AIU Ins. Co.*, 2021 WL 3565440, at *2; *Am. Alt. Ins. Corp.*, 2020 WL 7388072, at *3; *Zurich Am. Ins. Co.*, 2019 WL 570760, at *4; *see also* Repl. 8:21-9:19.

[3] The decision in *United Specialty Insurance Co. v. Bani Auto Group, Inc.*, No. 18-CV-01649-BLF, 2018 WL 5291992 (N.D. Cal. Oct. 23, 2018), is not to the contrary. There, the Honorable Beth Labson Freeman found that "where there are mixed declaratory relief claims and independent claims," like here, the district court must analyze a motion to stay or dismiss under the *Colorado River* doctrine rather than *Brillhart*. *Id.* at *4 (citing *Scotts Co. LLC v. Seeds, Inc.*, 688 F.3d 1154,

1    *Landis* governs a district court's inherent discretionary power to stay proceedings in its

2    own court.[4]  *Zurich Am. Ins. Co.*, 2019 WL 5700760, at *3 (citing *Lockyer v. Mirant Corp.*, 398

3    F.3d 1098, 1109 (9th Cir. 2005)); *see also Landis*, 299 U.S. at 254.  To exercise discretion and

4    stay a case under *Landis*, district courts consider, (1) "the possible damage which may result from

5    the granting of a stay"; (2) "the hardship or inequity which a party may suffer in being required to

6    go forward"; and (3) "the orderly course of justice measured in terms of the simplifying or

7    complicating of issues, proof, and questions of law which could be expected to result from a stay."

8    *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962) (citing *Landis*, 299 U.S. at 254-55); *see*

9    *also Nat'l Union Fire Ins. Co.*, 2020 WL 4039370, at *3 (same); *Zurich Am. Ins. Co.*, 2019 WL

10   570760, at *5 (same).  The moving party has the burden to establish a "clear case of hardship or

11   inequity in being required to go forward" with a lawsuit "if there is even a fair possibility that the

12   stay . . . will work damage to some one else."  *Nat'l Union Fire Ins. Co.*, 2020 WL 4039370, at *3

13   (quoting *Landis*, 299 U.S. at 255).

## II.     APPLICATION OF THE LANDIS FACTORS

First, I consider the possible damage to the non-moving party that may result from granting

a stay.  *See Zurich Am. Ins. Co.*, 2019 WL 570760, at *5.  USSIC asserts it would be damaged by

a stay because it could be subject to additional "first or third party claims" or to actions brought by

judgment creditors under California Insurance Code section 11580, *see* Oppo. 15:1-11, meaning it

could be forced to incur the costs of hypothetical litigation against Bell or other insureds if

---

1159 (9th Cir. 2012)).  However, it is not clear that the reasoning from *Scotts Co.* applies here because in that case, the Ninth Circuit did not address the *Landis* doctrine or the court's inherent power to stay proceedings to manage its docket.  688 F.3d at 1158.  At any rate, Judge Freeman also analyzed the *Landis* factors.  *See Bani Auto Grp.*, 2018 WL 5291992, at *4-5.

[4] Because the "power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants," the fact that the recission claim invokes my mandatory jurisdiction does not negate my inherent discretionary power to stay this action under *Landis*.  *Meridian Mgmt. Grp.*, 2016 WL 1534885, at *1 (quoting *Landis*, 299 U.S. at 254); *see also Bani Auto Grp.*, 2018 WL 5291992, at *4-5 (applying the *Landis* factors to a case with one claim for rescission and one claim for declaratory relief).  USSIC's argument to the contrary is unpersuasive because by staying the case, I am neither "remand[ing]" nor "declin[ing] to entertain" the claim for rescission. Oppo. 12:15-13:8; *cf. Gov't Emps. Ins. Co. v. Dizol*, 133 F.3d 1220, 1225 & n.6 (9th Cir. 1998) (noting district courts do not have discretion to *dismiss* or *decline to exercise jurisdiction* over a claim for rescission when joined in an action for declaratory relief).

4

judgment in this case is delayed. *See* Oppo. 15:1-11. But courts in this district routinely reject the argument that a stay will damage an insurer by delaying determination that it owes no coverage where an insurer is defending the insured in state court under a reservation of rights: "[A]dvancing defense costs is 'part of an insurer's obligation and costs of doing business.'" *Zurich Am. Ins. Co.*, 2019 WL 570760, at *5 (first quoting *State Nat'l Ins. Co., Inc. v. US-SINO Inv., Inc.*, No. 5:13-CV-05240-EJD, 2015 WL 5590842, at *5 (N.D. Cal. Sept. 23, 2015); and then citing *Bani Auto Grp.*, 2018 WL 5291992, at *2); *see also Clear Blue Specialty Ins. Co. v. Ozy Media, Inc.*, No. 5:21-CV-08764-EJD, 2023 WL 3046796, at *16 (N.D. Cal. Apr. 20, 2023) (same); *Meridian Mgmt. Grp.*, 2016 WL 1534885, at *2 (similar). USSIC's arguments about the additional costs of hypothetical litigation are unpersuasive for the same reasons—this is not the kind of prejudice that warrants denial of a stay under *Landis* because it is a fundamental part of an insurer's business, and at any rate USSIC could recover these hypothetical litigation costs upon successful resolution of this case. Accordingly, this *Landis* factor does not weigh against a stay.

The second *Landis* factor considers the possible harm or prejudice to Bell that could arise from going forward with this case. *See CMAX*, 300 F.2d at 268; *Montrose I*, 6 Cal. 4th at 301 (considering the risk of inconsistent factual determinations between the two suits); *Montrose II*, 25 Cal. App. 4th at 910 (considering prejudice to an insured, including the insurer working with the third party in the underlying suit, the insured fighting a "two-front war" across the two cases, and the insured being collaterally estopped from relitigating certain findings). "California courts have found that the prejudice to insureds can be severe where declaratory relief actions have overlapping factual issues with the underlying suit." *Clear Blue Specialty*, 2023 WL 3046796, at *16 (collecting cases).

USSIC argues that Bell is not prejudiced by fighting a "two-front war" because it has other insurance counsel to cover the Underlying Action and because Bell has already incurred costs from litigating this federal action all the way through discovery. Oppo. 15:12-16:2. I am not persuaded that Bell's litigation of this case up to this point alleviates the potential harms related to defending itself in two fora given that Bell will continue to incur expensive and unnecessary costs for the dispositive motion and trial in this case without a stay. But even if these reasons temper

5

the possible harm Bell faces, more serious prejudice could arise from collateral estoppel due to the overlapping factual issues between this case and the Underlying Action. *See Clear Blue Specialty*, 2023 WL 3046796, at *16; *Montrose II*, 25 Cal. App. 4th at 910. For example, an important question in both cases is whether Bell exceeded the scope of his Painting Contractor license by performing work like waterproofing, installing waterproofing structures, roof painting, or using particular wall coverings. *Compare* Compl. ¶¶ 6, 18, 22-23 *with* Underlying First Amended Complaint [Dkt. No. 46-3] Ex. C ¶¶ 79-82.[5] Making that determination in this court may collaterally estop Bell from making similar arguments in the state court, which is exactly the kind of prejudice considered by this *Landis* factor. *See Clear Blue Specialty*, 2023 WL 3046796, at *16. This factor weighs in favor of a stay.

Finally, the third *Landis* factor considers the orderly course of justice, including "simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *CMAX*, 300 F.2d at 268 (citation omitted). The Ninth Circuit has explained that a district court's discretion to enter a stay to manage its own docket and ensure fair proceedings applies regardless of whether "the issues in such proceedings are necessarily controlling of the action before the court." *Leyva v. Certified Grocers of Cal., Ltd.*, 593 F.2d 857, 863-64 (9th Cir. 1979) (collecting citations, including *Landis*). "[E]xact factual and legal similarity is not required." *Meridian Mgmt. Grp.*, 2016 WL 153885, at *2 (citation omitted); *cf. James River Ins. Co. v. W.A. Rose Constr., Inc.*, No. 18-CV-02030-SI, 2018 WL 3023408, at *3 (N.D. Cal. June 18, 2018) (outlining standard under *Brillhart*, which considers whether the "precise state law issues at stake . . . are the subject of a parallel proceeding in state court" (citation omitted)).

USSIC contends there is no legal overlap between its claims that Bell made material misrepresentations to obtain insurance and the claims in the Underlying Action about construction

---

[5] Bell's requests for judicial notice of the complaint, first amended complaint, and cross-complaint in the Underlying Action, [Dkt. No. 46-3], are GRANTED. *See Lin v. Solta Med., Inc.*, No. 21-CV-05062-PJH, 2021 WL 5771140, at *7 (N.D. Cal. Dec. 6, 2021) ("[A] court may judicially notice court documents that are already in the public record or have been filed in other courts." (citation omitted)).

6

defects. *See* Oppo. 16:3-16. But determining whether Bell made material misrepresentations requires, in part, determining whether he exceeded the scope of his Painting Contractor license, including by performing work like waterproofing, roof painting, or using particular wall coverings. *See* Compl. ¶¶ 6, 18, 22-23. The Underlying Action requires, in part, determining whether Bell performed unlicensed work by exceeding the scope of his Painting Contractor license by doing roofing work like installing waterproofing structures. *See* Underlying First Amended Complaint Ex. C ¶¶ 79-82. These questions sufficiently overlap such that staying this case increases judicial efficiency by giving the state court time to assess the same facts and similar law, which in turn simplifies the issues in this court. *See also Clear Blue*, 2023 WL 3046796, at *16 ("A stay promotes the orderly cause of justice where the underlying proceedings are likely to decide or contribute to the issues before this Court."). This factor weighs in favor of a stay.

Therefore, given the *Landis* factors, a stay is warranted here.

## CONCLUSION

For those reasons, the motion to stay is GRANTED. This action is STAYED pending resolution of the Underlying Action. USSIC may seek to lift the stay at the conclusion of the Superior Court proceedings or at such other time as it (or any other party) believes that circumstances have changed sufficiently to warrant adjudication of the claims. The parties shall file a Joint Status Report six months from the date of filing of this order, and every six months thereafter, briefly describing any developments in the Underlying Actions.

**IT IS SO ORDERED.**

Dated: August 9, 2023

William H. Orrick
United States District Judge